UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYLE OWERKO,

       Plaintiff,

- against -

SOUL TEMPLE ENTERTAINMENT, LLC,

       Defendant.

OPINION AND ORDER

13-CV-6420 (RLE)

RONALD L. ELLIS, U.S.M.J.:

## I. INTRODUCTION

Plaintiff Lyle Owerko ("Owerko") brought this action for copyright infringement against Defendants Soul Temple Entertainment, LLC ("Soul Temple") and Lamont Jody Hawkins ("Hawkins"). The Parties stipulated to the dismissal of Hawkins as a defendant on January 13, 2015. (Doc. No. 31.) On March 4, 2015, a jury found Soul Temple liable for willful copyright infringement, and awarded Owerko $200,000 in damages. (Doc. No. 40.) Before the Court is Owerko's motion for attorneys' fees and costs pursuant to 17 U.S.C. § 505. Owerko seeks $1,127.50 in costs, and $56,725.00 in attorneys' fees, for a total of $57,852.50. (Doc. No. 42.)

For the reasons that follow, Owerko's motion is **GRANTED**.

## II. BACKGROUND

Owerko filed his Complaint on September 12, 2013. (Doc. No. 1.) On November 19, 2013, the Honorable J. Paul Oetken referred the case to the undersigned for general pretrial. (Doc. No. 10.) On November 21, 2014, the Parties consented to proceed before the undersigned for all purposes pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. No. 27.) Soul Temple did not appear at a settlement conference held on June 9, 2014. The Court issued an Order to Show Cause requiring Soul Temple to explain its failure to appear by June 23, 2014, or

face sanctions. (Doc. No. 16.) Soul Temple responded to the Order on August 6, 2014, and no sanctions were imposed. (Docs. No. 18 and 19.) Soul Temple's principal, Robert Fitzgerald Diggs, subsequently refused to participate in the action, and refused to appear for a court-ordered deposition. (Doc. No. 30.)

The claims at trial centered on two photographs taken by Owerko, who is a professional photographer. (Doc. No. 1 at 3.) Owerko included the photographs in his book titled *The Boombox Project: the Machines, the Music and the Urban Underground.* (*Id.*) Soul Temple stipulated that Owerko had registered copyrights in each image. (Doc. No. 30 at 3.) Soul Temple also conceded infringing Owerko's copyrights of the photographs. (*Id.*) Soul Temple used the photographs as album artwork, and on a tee shirt. (Doc. No. 1 at 5.) The jury found that Soul Temple's infringement of both photographs was willful, and awarded Owerko $100,000 for each violation. (Doc. No. 40.)

Owerko filed this Motion for Attorneys' Fees and Costs on May 11, 2015. (Doc. No. 42.) The Court ordered Soul Temple to file its response by June 1, 2015 (Doc. No. 41), but Soul Temple did not file an opposition. (Doc. No. 45.)

### III.   DISCUSSION

#### A. Plaintiff's Fees are Reasonable

In determining the appropriate amount of attorneys' fees to award, the Court must calculate the "presumptively reasonable fee" by multiplying a reasonable hourly rate by the reasonable number of hours worked. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008). A "reasonable hourly rate is the rate a paying client would be willing to pay." *McDaniel v. County of Schnectady*, 595 F.3d 411, 414 (2d Cir. 2010). The factors

relevant to this determination include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 493 F.3d at 114 n.3 (internal quotation marks omitted). Furthermore, this Circuit has affirmed the "forum rule," whereby a district court will award fees at the going rate in the district in which the court sits. *Simmons*, 575 F.3d at 174. The burden is on the party seeking attorneys' fees to submit sufficient evidence to support the hours worked and the rates claimed. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

### 1. Counsel's Hourly Rates

Owerko's counsel request an award of fees based on the following hourly rates:

| Danial Nelson | Senior Partner, Fourteen (14) Years of Experience | $650 |
| Kevin McCulloch | Partner, Nine (9) Years of Experience | $550 |

These rates are reasonable in light of counsel's respective credentials and years of experience. (Doc. No. 43 at 8.) Both attorneys have handled copyright litigation in dozens of cases in this Court, and have handled intellectual property matters before the Second Circuit and the United States Supreme Court. (*Id.*) Furthermore, under the "forum rule," these rates are within the ranges charged by comparable firms and are in line with rates that have been approved and awarded in this District.[1]

---

[1] *See New Earthshell Corp v. Jobookit Holdings Ltd.*, No. 14 Civ. 3602 (JMF), 2015 WL 2152681 *1 (S.D.N.Y. 2015) (finding that a billing rate of $595 for partners is in line with rates that have been approved by courts in the

3

## 2. Hours Expended by Counsel

Owerko's counsel request an award of fees based on records indicating that a total of 88.9 hours were spent preparing for and conducting the jury trial in this action. (Doc. No. 43 at 8; Doc. No. 44 at Exhibit ("Ex.") 1.) "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). In calculating the number of reasonable hours, the court looks to "its own familiarity with the case and its experience with the case as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992).

The time records in this case begin with a settlement demand on August 29, 2013, the month before the Complaint was filed, and conclude with this motion. During the one and a half years of trial preparation, the Parties engaged in document discovery and depositions, briefed motions, and litigated discovery disputes. (Doc. No. 43 at 8.) No other attorneys worked on the case for Plaintiff. It was reasonable to use two attorneys. There was no unnecessary duplication of effort or unreasonable expenditure of time on the tasks performed.

## B. Plaintiff's Fees Are Permitted Under the Copyright Act

Section 505 of the Copyright Act provides that reasonable attorneys' fees may be awarded at a district court's discretion to the prevailing party in a copyright action. 17 U.S.C. § 505. A "prevailing party" is one that succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S.

---

Southern District); *Nautilus Neurosciences, Inc. v. Fares*, No. 13 Civ. 1078 (SAS), 2014 WL 1492481 *2 (S.D.N.Y. 2014) (approving a rate of $603 per hour for a leading litigator at Kelley Drye & Warren LLP); *Edmons v. Seavey*, No. 08 Civ. 5646 (HP)(JCF), 2009 WL 1598794 (S.D.N.Y. 2009) (approving a rate of $600 per hour for a partner at Herrick, Feinstein LLP); Diplomatic Man, Inc. v. Nike, Inc., No. 08 Civ. 139 (GEL), 2009 WL 935674 (S.D.N.Y. 2009) (approving a rate of $650 per hour for a partner at Shook, Hardy & Bacon); *Rozell v. Ross-Hoist*, 576 F. Supp. 2d 527 (S.D.N.Y. 2008) (approving $600 per hour for a senior partner).

4

424, 433 (1983) (internal citations omitted). The standard governing awarding attorneys' fees is the same for prevailing plaintiffs and defendants. *See Fogerty v. Fantasy*, 510 U.S. 517, 534 (1994); *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 121 (2d Cir. 2001). In this case, the jury found in favor of Owerko on all claims. Thus, Owerko is the prevailing party.

An award of attorneys' fees must accord with the purposes of the Copyright Act, which is to "encourage the origination of creative works by attaching enforceable property rights to them." *Matthew Bender & Co.*, 240 F.3d at 122; *see also EMI Catalogue P'ship v. CBS/Fox Co.*, No 86 Civ. 1149 (PKL), 1996 WL 280813, at *2 (S.D.N.Y. May 24, 1996) (explaining that purposes of the Copyright Act include "(1) securing a fair return for an author's creative labor or (2) stimulating artistic creativity for the general public good"). There is no precise rule or formula for making attorneys' fees determinations, but "equitable discretion should be exercised." *Fogerty*, 510 U.S. at 534. "When determining whether to award attorneys' fees, district courts may consider such facts as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). Substantial weight is given to the third factor – objective unreasonableness. *See Matthew Bender & Co*, 240 F.3d at 122.

Owerko argues that Soul Temple's litigation positions were objectively unreasonable, and that Soul Temple's conduct was motivated by an improper purpose. (Doc. No. 43 at 3.) Owerko claims that Soul Temple raised sixteen (16) frivolous defenses, but did not prevail on any of them, and abandoned almost all of them prior to trial. (*Id.* at 4.) Owerko also contends that Soul Temple denied that it had copied Owerko's photographs, but instead copied a different photograph taken from an eBay listing. (*Id.*) Soul Temple later conceded that this story was

false, and admitted copying Owerko's photographs prior to trial. (*Id.*) Owerko argues that these actions were done in bad faith and for the improper purposes of concealing misconduct and "unnecessarily multiplying the proceedings." (*Id.* at 3-4.) Owerko further points out that Soul Temple's conduct during settlement negotiations justifies an award of attorneys' fees because although Soul Temple had stipulated to infringing Owerko's copyrights, Soul Temple refused to reasonably discuss settlement with Owerko. (*Id.* at 4.) Soul Temple did not file an opposition denying Owerko's contentions.

"Objective unreasonableness is generally used to describe claims that have no legal or factual support." *Canal Image UK Ltd.*, 792 F. Supp. 2d at 681. "[A]n unsuccessful claim does not necessarily equate with an objectively unreasonable claim." *Effie Film, LLC v. Pomerance*, No. 11 Civ. 7087 (JPO), 2013 WL 1759560, at *1 (S.D.N.Y. Apr. 24, 2013). "[O]nly those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Canal Image UK Ltd.*, 792 F. Supp. 2d at 682. "To hold otherwise would establish a *per se* entitlement to attorney[s'] fees whenever [] issues are resolved against a copyright plaintiff." *CK Co. v. Burger King, Corp.*, 1995 WL 29488, at *1 (S.D.N.Y. Jan. 26, 2995). Litigating complex and undecided issues of copyright law is not objectively unreasonable "because such litigation clarifies the boundaries of copyright law." *Id.* at 683; *Effie Film, LLC*, 2013 WL 1759560, at *1. A finding of bad faith is neither "objective unreasonableness" nor a prerequisite to the award attorneys' fees. *Screenlife Establishment v. Tower Video, Inc.*, 868 F. Supp. 47, 52 (S.D.N.Y. 1994).

The Court disagrees with Owerko's contention that Soul Temple's claims were objectively unreasonable because its defenses were unsuccessful. *See Effie Film*, 2013 WL 1759560 at *1. Furthermore, Soul Temple's conduct during settlement negotiations does not

make its claims objectively unreasonable. The Court found that sanctions were not warranted for Soul Temple's failure to appear at the August 5 conference. (Doc. No. 18.) Even if Soul Temple failed to engage in settlement discussions with Owerko, such conduct may constitute bad faith, but bad faith is neither objective unreasonableness nor a prerequisite to the award of attorneys' fees. *See Screenlife Establishment*, 868 F. Supp. at 52.

Soul Temple's claims of non-willful intent, and that the photographs were not original to Owerko were objectively unreasonable and support an award of attorneys' fees to Owerko. (*See* Doc. No. 8 at 5.) In its answer, Soul Temple denied incorporating Owerko's Clairnote Boombox photograph into its album cover design without Owerko's permission. (*Id.* at 3.) During discovery, Soul Temple argued that it copied a different photograph that was not Owerko's from the internet. Prior to trial, the Parties stipulated that Owerko had a registered copyright in each image. (Doc. No. 30.) Soul Temple also admitted to use of Owerko's copyrighted work, but maintained that it used the photographs "through no fault of its own. . ." (Doc. No. 30 at 2.) At trial, however, Soul Temple stated that it found Owerko's photographs on the internet, but did not know of Owerko, or that the photographs were Owerko's work. The jury found that Soul Temple did knowingly use Owerko's copyrighted photographs. By finding that Soul Temple knew it was using Owerko's work, the jury undercut Soul Temple's claim that its litigation position was objectively reasonable.

An award of fees and costs to Owerko is consistent with the purposes of the Copyright Act, which is to "encourage the origination of creative works by attaching enforceable property rights to them." *Id.* In light of Soul Temple's objectively unreasonable position, the Court finds that an award of attorneys' fees and costs to Owerko is proper.

## IV.   CONCLUSION

For the reasons, set forth above, Owerko's motion for attorneys' fees and costs in the amount of $57,852.50 is **GRANTED.** This opinion resolved Doc. No. 42. **IT IS HEREBY ORDERED** that judgment be entered for Plaintiff Lyle Owerko, and against Defendant Soul Temple Entertainment, LLC. The Clerk of Court is directed to close case 13-CV-6420.

**SO ORDERED** this 7th day of January 2016.
New York, New York

The Honorable Ronald L. Ellis
United States Magistrate Judge